## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| TRACY SANDERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.: |
| v. | § | |
| | § | |
| | § | |
| POWERSOUTH ENGERY | § | JURY DEMAND |
| COOPERATIVE, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

### I.   INTRODUCTION

1.      Plaintiff, Tracy Sanders (hereafter "Plaintiff" or "Sanders"), brings this

action for declaratory judgment, equitable relief, and money damages, instituted to

secure the protection of and to redress the deprivation of rights secured by Title VII

of the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. §§

2000(e) et seq. as amended by "The Civil Rights Act of 1991."

### II.   JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked according to the Act of

Congress known as 28 U.S.C. §1331, 1343(a)(4), 2201-2202, 42 U.S.C. §12117, and

42 U.S.C. §12133. Venue is proper pursuant to 28 U.S.C. §1391.

3.  The unlawful employment practices alleged herein below were committed

by the Defendant within Covington County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

## III.   PARTIES

4.      Plaintiff Sanders is a citizen of the United States and a resident of Alabama. At all times relevant to this action, Sanders was an employee of PowerSouth Energy Cooperative.

5.      Defendant, PowerSouth Energy Cooperative (hereafter "Defendant" or "PowerSouth") is an entity subject to suit under the Civil Rights Act, 42 U.S.C. § 2000. PowerSouth has fifteen or more employees for each working day in each of 20 or more calendar weeks in the current or proceeding calendar year.

## IV.   ADMINISTRATIVE EXHAUSTION

6.      Plaintiff timely filed his charge of discrimination based on Title VII with the Equal Employment Opportunity Commission (hereafter "EEOC") within 180 days after the last discriminatory treatment.  Plaintiff further filed his discrimination suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

## V.   STATEMENT OF FACTS

7.     PowerSouth hired sanders on or around September 1, 2015.

8.     Sanders' most recent position with PowerSouth was Building Floor Supervisor, where he worked for approximately five years.

9.     Throughout Sanders' employment with PowerSouth, Sanders' performance, at minimum, met PowerSouth's expectations.

10.     As Building Floor Manager, one of Sanders' job duties was evaluating employee performance.

11.     In or around February of 2021, Sanders evaluated Russell Wallace ("Wallace"), and reduced said evaluation to writing.

12.     PowerSouth previously subjected Wallace to discrimination because of his African American race.

13.     Sanders believed that Wallace was deserving of a positive evaluation on account of his commendable performance and Sanders' objective evaluation of Wallace's performance.

14.     Sanders submitted Wallace's evaluation to Dawn Carnley ("Carnley"), the Respondent's Human Resources Supervisor, who told Sanders the evaluation was too positive.

15.     Carnley told Sanders that Wallace should not receive high grades because he did not meet the expectations outlined in Wallace's Performance

Improvement Plan ("PIP").

16.     Wallace previously complained to Powersouth that the PIP was discriminatory.

17.     Carnley pressured Sanders to lower Wallace's evaluation score, and Sanders complied.

18.     After lowering Wallace's evaluation score and re-submitting it to Carnley, Carnley again asked Sanders to lower Wallace's score.

19.     In response to said request, Sanders told Carnley he felt another reduction in Wallace's performance score was retaliation for Wallace's race-based complaint.

20.     Sanders held a good-faith belief that Wallace's performance warranted a higher score, and that Carnley's recommendations were retaliatory.

21.     Carnley assured Sanders that Human Resources would support and ratify another reduction in Wallace's score.

22.     Sanders again told Carnley he felt that the reduction was retaliatory.

23.     Nonetheless, in an effort to comply with PowerSouth's organizational structure, Sanders again followed Carnley's orders and lowered Wallace's score.

24.     As a result, Wallace received a second Performance Improvement Plan.

25.     Shortly thereafter, Wallce complained to PowerSouth that his lower than anticipated evaluation score was retaliation for his prior race-based complaint.

26.     PowerSouth then terminated Sanders' employment.

## VI.     CAUSES OF ACTION

### A. VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT (RETALIATION)

27.     Sanders adopts and incorporates by reference the allegations contained in paragraphs 2 – 15, above.

28.     Sanders witnessed race-based disparate treatment where employees similarly situated to Wallace who are non-black benefitted from a more favorable standard of discipline and performance as compared Wallace.

29.     Further, Sanders reported what he genuinely believed to be retaliation to PowerSouth.

30.     Sanders' report constitutes a protected activity for purposes of Title VII.

31.     In retaliation for Sanders' report referenced above, PowerSouth retaliated against Sanders when it terminated his employment.

32.     As a result, Sanders suffered damages, including but not limited to a loss of wages, benefits, advancement opportunities, pain, suffering, and mental anguish.

## VII.     PRAYER FOR RELIEF

**WHEREFORE**, Sanders respectfully prays that this Court assume jurisdiction of this

action and after trial:

a. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq.

b. Grant Sanders a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq.

c. Enter an order requiring the PowerSouth to make Sanders whole by awarding him the position(s) he would have occupied in the absence of its retaliation, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, and benefits.

d. Enter an order requiring the PowerSouth to make the Sanders whole by awarding him punitive damages, compensatory damages including but not limited to lost wages and benefits, and/or nominal damages, declaratory and injunctive relief, and benefits.

e. The Plaintiff further prays for such other relief and benefits as the cause of

justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Dated:  October 22, 2024.

/s/ Eric C. Sheffer
Eric C. Sheffer
**Counsel for Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: esheffer@wigginschilds.com

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

/s/ Eric C. Sheffer
**OF COUNSEL**